✎JS 44  (Rev. 11/04)

## CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Stephen Middlebrooks

(b) County of Residence of First Listed Plaintiff   Chester
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Caren N. Gurmankin, Esquire
Console Law Offices LLC
1525 Locust Street
9th Floor
Philadelphia, PA 19102
(215) 545-7676

### DEFENDANTS

Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries Limited

County of Residence of First Listed Defendant   Montgomery
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | | | |
| | ☐ 440 Other Civil Rights | | | |

Additional TORTS entries:
**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000(e), et seq. ("Title VII"); 29 U.S.C. §621 ("ADEA")

Brief description of cause:
Plaintiff is alleging age discrimination and national origin discrimination.

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):   n/a

JUDGE _____   DOCKET NUMBER _____

DATE
January 30, 2017

SIGNATURE OF ATTORNEY OF RECORD
Caren N. Gurmankin, Esquire

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Stephen Middlebrooks | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| Teva Pharmaceuticals USA, Inc. et al. | : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| Jan. 30, 2017 | | Plaintiff, Stephen Middlebrooks |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Stephen Middlebrooks, West Chester, PA 19380

Address of Defendant: Teva Pharmaceuticals USA, Inc. 1090 Horsham Road, North Wales, PA, 19454

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: Jan. 30, 2017 _____    _____    205900
                      Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Jan. 30, 2017 _____    _____    205900
                      Caren N. Gurmankin, Esquire

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

---

STEPHEN MIDDLEBROOKS      :
West Chester, PA 19380      :     **CIVIL ACTION NO.**
     :
            **Plaintiff,**      :
     :
       **v.**      :
     :
TEVA PHARMACEUTICALS USA, INC.:
1090 Horsham Road      :     **JURY TRIAL DEMANDED**
North Wales, PA 19454      :
     :
**and**      :
     :
TEVA PHARMACEUTICAL      :
INDUSTRIES LIMITED      :
5 Basel Street      :
Petach Tikva 49131, Israel      :
     :
         **Defendants.** :

---

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Stephen Middlebrooks, brings this action against his former

employers, Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries

Limited ("Defendants"). Mr. Middlebrooks, who was by far the oldest of his

peers, and one (1) of only two (2) employees of American origin among his

Israeli boss' direct reports, was terminated shortly after he complained about the

discrimination to which he was being subjected based on his age and his national

origin. Defendants' discriminatory and retaliatory conduct was in violation of the

Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et seq*. ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. ("PHRA").

## II.    **PARTIES**

1.      Plaintiff, Stephen Middlebrooks, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff was fifty eight (58) years of age at the time of his termination.

3.      Plaintiff's national origin is American.

4.      Defendant, Teva Pharmaceuticals Industries, Limited is an Israeli corporation with a principal place of business at 5 Basel Street, Petach Tikva, 49131, Israel.

5.      Defendant, Teva Pharmaceuticals USA, Inc., is a Delaware corporation with a principal place of business at 1090 Horsham Road, North Wales, PA 19454.

6.      Defendant Teva Pharmaceuticals USA, Inc., is a wholly owned subsidiary of Defendant Teva Pharmaceuticals Industries, Limited.

7.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.      At all times material hereto, Defendants employed more than twenty (20) employees.

9.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the

2

course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.     At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III.     JURISDICTION AND VENUE

12.     The causes of action which form the basis of this matter arise under the ADEA, Title VII, and the PHRA.

13.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

14.     The District Court has jurisdiction over Count II (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

15.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

16.     The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

17.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

18.     On or about November 25, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

19.     On or about March 23, 2016, Plaintiff filed a Second Charge of Discrimination with the EEOC.  This Charge was cross-filed with the PHRC. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

20.     On or about November 1, 2016, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for his first and his second Charges of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "3" is a true and correct copy of that notice (with personal identifying information redacted).

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   FACTUAL ALLEGATIONS

22.     Plaintiff was hired by Defendants on or about April 30, 2001 into the position of Director, Facilities Engineering.  In or about 2013, Plaintiff was promoted into the position of Senior Director of North American Facilities

4

Management.

23. In his capacity as Senior Director of North American Facilities Management, Plaintiff oversaw a staff of about seventy (70) employees, and he managed functions that included, but were not limited to, security services; engineering services; energy management; maintenance; vendor management; metrology; and, space planning and management.

24. At all times material hereto, Plaintiff worked out of Defendants' North Wales, PA location.

25. Starting in or around January 2014, Plaintiff reported directly to Nir Aharoni (Israeli), Global Senior Director of Facilities. To the best of Plaintiff's knowledge, Aharoni is approximately fourteen (14) years younger than Plaintiff.

26. At all times material hereto, Aharoni was based out of Defendants' global headquarters in Israel.

27. At all times material hereto, Plaintiff performed his job duties in a highly competent manner. Prior to reporting to Aharoni, Plaintiff was never disciplined or counseled for any performance-related issues.

28. Of the five (5) Senior Directors of Facilities Management who reported directly to Aharoni, Plaintiff was the oldest, the longest-tenured with Defendants and the one with the greatest level of responsibilities and staff.

29. To the best of Plaintiff's knowledge, he was among the oldest of all of Aharoni's direct reports.

30. To the best of Plaintiff's knowledge, he was one (1) of only two (2) Americans who reported directly to Aharoni.

5

31.     During the time that Plaintiff reported to Aharoni, Aharoni made comments that were derogatory to Americans.  By way of example, in or around mid-2015, when one (1) of Plaintiff's direct reports, who was visiting Defendants' Israel headquarters, told Aharoni how much she was enjoying being in Israel, he responded, snidely, regarding Americans' narrow-minded peceptions of Israelis. Also during in 2015, Aharoni ranted to Plaintiff that Americans had done a very poor job supporting Israel in its military actions in the Middle East.

32.     In around January 2015, Israeli members of Aharoni's team asked Plaintiff for information regarding the ages of his direct reports.  When Plaintiff asked why they needed that information, the response was that they make employment decisions based on age.  Plaintiff told them that it was inappropriate and against the law for them to make decisions based on age.

33.     Plaintiff complained to Aharoni that his team was asking for information about the ages of employees, that the same was against the law, and that Plaintiff refused to obtain and provide that information.  Aharoni was dismissive of Plaintiff's complaints and expressed concerns, saying that he did not understand why it was an issue, that in Israel they make decisions based on age, and they placed employees into certain position based on age.

34.     Plaintiff also complained to Defendants' Human Resources that Aharoni's team members were requesting information regarding the ages of his direct reports, and that they stated that they make employment decisions based on age.  Human Resources told Plaintiff that they would speak with Aharoni and his team regarding the same.

35.     Members of Aharoni's team continued to press Plaintiff for information regarding the ages of his employees even after he complained about the same to Aharoni and Human Resources.

36.     In or about January 2015, Plaintiff received his annual performance rating, on which he received an overall rating of "2," which was "mostly meets" expectations.  This was the first performance review that Plaintiff received under Aharoni's supervision.  To the best of Plaintiff's recollection, that was the first time during his entire career with Defendants that he received a rating below that of "meets expectations."

37.     Although Plaintiff requested a mid-year review from Aharoni, Aharoni refused to meet with him regarding the same until on or about October 21, 2015.  During that meeting, Aharoni did not give Plaintiff any indication that his performance was deficient.

38.     In or about March 2015, Defendants paid out equity bonuses to those employees who were eligible.  As a Senior Director, Plaintiff was eligible to receive an equity bonus.  Defendants did not pay Plaintiff his equity bonus which he was owed.

39.     Upon Plaintiff's information and belief, Aharoni told one (1) of Plaintiff's direct reports, who was around Plaintiff's age, that equity bonuses were incentives for "longer term" employees who would "be around for a while." Plaintiff is aware that Aharoni's younger direct reports received their equity bonuses.

40.     In around August 2015, Plaintiff, and certain of his direct reports (all of whom were of American origin), led by Plaintiff, complained that Aharoni, and his Israeli reports, were subjecting them to discriminatory conduct based on their national origin, including subjecting them to a hostile work environment.

41.     In or around October 2015, Human Resources informed Plaintiff that they had conducted an investigation in his, and his team's, complaints that they were being treated differently based on their national origin, including interviewing Aharoni regarding the same.

42.     Plaintiff was also told that the investigation resulted in a finding that there was no discriminatory bias, but "cultural and sensitivity training," counseling for certain of Aharoni's Israeli team members, and follow-up by Human Resources, was recommended.  No one followed up with Plaintiff as to whether actions were taken on the recommendations.

43.     On or about October 29, 2015, Defendants placed Plaintiff on a Performance Improvement Plan ("PIP").  That was the first time during Plaintiff's employment with Defendants that he had ever been placed on a PIP.

44.     Plaintiff complained that the PIP was unjustified, as he had met his objectives from that year, and that Defendants had placed him on the PIP because of his age, his national origin, and his complaints of discrimination.

45.     On or about November 25, 2015, Plaintiff filed a Charge of Discrimination with the EEOC regarding the discriminatory and retaliatory conduct to which he was being subjected.  Plaintiff sent a copy of the Charge to Defendants, including Mr. Aharoni, on that same day.

46.     From on or about December 1, 2015 through January 15, 2016, Aharoni did not meet with Plaintiff regarding the PIP, and he did not provide Plaintiff with feedback regarding Plaintiff's work on the objectives set forth in the PIP.

47.     On or about January 4, 2016, Plaintiff complained, again, to Defendants that they were discriminating against him based on his age and his national origin, and retaliating against him based on his complaints about the same.  No one from Defendants responded to Plaintiff's continued complaints of discrimination and retaliation.

48.     On or about January 15, 2016, Aharoni told Plaintiff that his PIP would be extended through the end of February 2016.

49.     Aharoni did not discuss the PIP specifically with Plaintiff regarding the objectives set forth in his PIP, and Plaintiff's work regarding the same, from late January 2016 through the end of February 2016.

50.     In or around the middle of February 2016, Aharoni met with Plaintiff.  During the meeting, Aharoni told Plaintiff that he wanted Plaintiff to take a demotion to the position of Operations Manager of North American Facilities Management, reporting to a new Regional Manager.  Aharoni told Plaintiff that he would get him a job description regarding the lower-level position.

51.     On or about February 29, 2016, Defendants informed Plaintiff that his employment was terminated.  Aharoni told Plaintiff that the reason for the same was his performance.

52.     Defendants' asserted reason for terminating Plaintiff's employment was pretextual.

53.     Upon information and belief, Plaintiff was replaced by a substantially younger employee.

54.     Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, Defendants placing Plaintiff on the PIP, and Defendants' termination of Plaintiff's employment.

55.     Plaintiff's national origin was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, Defendants placing Plaintiff on the PIP, and Defendants' termination of Plaintiff's employment.

56.     Plaintiff's complaints of discriminatory conduct were motivating and/or determinative factors in connection with Defendants' retaliatory conduct to which Plaintiff was subjected, including the hostile work environment to which Plaintiff was subjected, Defendants placing Plaintiff on the PIP, and Defendants' termination of Plaintiff's employment.

57.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

58.    The retaliatory actions taken against Plaintiff after he complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

59.    As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I - ADEA

60.    Plaintiff incorporates herein by reference paragraphs 1 through 59 above, as if set forth herein in their entirety.

61.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADEA.

62.    Said violations were willful and warrant the imposition of liquidated damages.

63.    As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

64.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

65.    No previous application has been made for the relief requested herein.

## COUNT II – TITLE VII

66.     Plaintiff incorporates herein by reference paragraphs 1 through 65 above, as if set forth herein in their entirety.

67.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

68.     Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

69.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

70.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

71.     No previous application has been made for the relief requested herein.

## COUNT III - PHRA

72.     Plaintiff incorporates herein by reference paragraphs 1 through 71 above, as if set forth herein in their entirety.

73.     Defendants, by the above improper and discriminatory acts, have violated the PHRA.

74.     Said violations were intentional and willful.

12

75.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

76.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

77.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of Title VII;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)      awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)      awarding liquidated damages to Plaintiff under the ADEA;

(i)      awarding punitive damages to Plaintiff under Title VII;

(j)      awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, and the PHRA;

(k)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(l)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.


                                        CONSOLE LAW OFFICES LLC

Dated: January 30, 2017        BY:    _____
                                        Stephen G. Console, Esq. (36656)
                                        Caren N. Gurmankin, Esq. (205900)
                                        1525 Locust St., 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676
                                        (215) 565-2853 (fax)

                                        Attorneys for Plaintiff,
                                        Stephen Middlebrooks

# EXHIBIT "1"

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
| --- | --- | --- | --- |
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | Q   FEPA<br>X   EEOC | 530-2016-01087 |
| STATE OR LOCAL AGENCY: PHRC | | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>Stephen Middlebrooks | HOME TELEPHONE NUMBER *(Include Area Code)* |
| --- | --- |

| STREET ADDRESS | CITY, STATE AND ZIP<br>West Chester, PA 19380 | DATE OF BIRTH |
| --- | --- | --- |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>Teva Pharmaceuticals USA, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>> 100 | TELEPHONE (Include Area Code)<br><br>215-591-3000 |
| --- | --- | --- |
| STREET ADDRESS<br>1090 Horsham Road | CITY, STATE AND ZIP<br>North Wales, PA 19454 | COUNTY<br>Montgomery |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>0 Race   0 Color   0 Sex   0 Religion   XX National Origin<br>XX Retaliation   XX Age   0 Disability   0 Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*        *Latest*<br>                        **Ongoing** |
| --- | --- |

**The Particulars Are:**

A.   1.   <u>Relevant Work History</u>

On or about April 30, 2001, Respondent hired me as Director, United States Facilities Engineering Group. During my tenure with Respondent, I have been promoted twice. I am currently the Senior Director of North American Facilities Management ("NA FM"). My responsibilities include managing a team of seventy-three (73) employees, who self-perform and manage third- party contractors to supply maintenance, engineering, security and operational services to Respondent's fifty (50) active sites in the United States and Canada. In or around January 2014, I began reporting to Nir Aharoni (Israeli, 45 years old*), Global Senior Director of Facilities.

Throughout my more than fourteen (14) years of employment with Respondent, I have been a dedicated, hardworking employee. Prior to my reporting to Mr. Aharoni, Respondent had never placed me on any performance improvement plan.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. |
| --- | --- |
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>SIGNATURE OF COMPLAINANT<br><br>Date: 11/25/15   *Charging Party (Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

❖   *All ages are approximate as of the date of this Charge.*

**EEOC Charge of Discrimination**
**Page 2 of 4**
**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

2. <u>Harm Summary</u>

Respondent has discriminated against me because of my national origin (American) and age (58 years old), including subjecting me to a hostile work environment, and retaliated against me because of my complaints of discrimination. Evidence of Respondent's discriminatory and retaliatory conduct includes, but is not limited to, the following:

(a) In or around October 2014, Mr. Aharoni informed me that my group's, Respondent's NA FM group's cost-savings requirements would be increased, despite my group having the best performance out of all Facilities Engineering groups reporting to Mr. Aharoni. Upon information and belief, Mr. Aharoni did not place additional cost savings requirements on the four (4) non-American Facilities Management groups, despite their poor performance.

(b) In or around January 2015, Respondent, specifically Mr. Aharoni's Israeli team members, asked me for the ages and sexes of my direct reports. When I asked why they needed this information, Mr. Aharoni's team members informed me that it was because they make employment decisions based upon an individual's age. I forwarded this request to Respondent's Human Resources Department.

(c) In or around January 2015, I received my annual review from Mr. Aharoni. Despite meeting my original 2014 performance and cost-savings goals, I received a "2" performance rating. Upon information and belief, non-American Senior Directors of Facilities Management, who had failed to meet 2014 performance and cost-savings goals, received higher performance ratings.

(d) In or around March 2015, I did not receive my 2014 equity compensation, despite my eligibility for it as a Senior Director. Upon information and belief, I was one (1) of two (2) American Directors in the NA FM group, who did not receive equity compensation for the 2014 year, the other being Ray Duggan (American, 57 years old), Director of Physical Security for North America. Upon information and belief, Troy Gaugler (American, 45 years old) received 2014 equity compensation, as did non-American Facilities Management Directors.

(e) Upon information and belief, Mr. Aharoni told Mr. Duggan that he and I did not receive our 2014 equity compensation because equity compensation was an incentive for "longer term" employees who would "be around for a while."

(f) In or around July 2015, Shimrit Shemtov (Israeli, 40 years old) and Roni Kafre (Israeli, 60 years old) met with my direct reports and I in the United States. During the meeting, Ms. Shemtov and Mr. Kafre berated and disrespected my direct reports and me, including, but not limited to, placing their hands in front of my and my direct reports' faces to stop us from talking and slamming our laptops closed.

**EEOC Charge of Discrimination**
**Page 3 of 4**
**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

(g) On or about August 17, 2015, my direct reports and I complained to Respondent's Human Resources representative, Mini Rodriguez, that we believed we were being discriminated against, including being subjected to a hostile work environment, based on our national origin.

(h) Upon information and belief, on or about October 12, 2015, Mr. Aharoni received a report of Respondent's investigation into my and my direct reports' complaints of a hostile work environment, based on our national origin.

(i) On or about October 29, 2015, Mr. Aharoni placed me on a performance improvement plan (PIP), despite that I had met or exceeded all seven (7) of my major performance goals for 2015. At this time, Mr. Aharoni stated that if I did not meet the fourteen (14) objectives outlined in the PIP over the next ninety (90) days, I would be terminated by Respondent.

(j) On or about November 12, 2015, I complained to Respondent that I believed I was being discriminated against because of my age and national origin, and retaliated against, including, but not limited to, being placed on the PIP, because of my complaints of discrimination.

(k) On or about November 19, 2015, I met with Mr. Aharoni for my bi-weekly PIP review meeting.

    i.    During this meeting, I informed Mr. Aharoni that I had met the objective of providing an additional $700,000 in savings by the end of 2015, as I had established $829,000 in additional savings;

    ii.    Mr. Aharoni told me that, despite achieving well over $700,000 in additional savings, I had not met the objective, as I had not reported it in a system that was no longer in existence;

    iii.    Upon information and belief, Mr. Aharoni did not require non-American Facilities Directors to meet an additional $700,000 in savings and/or report such savings through a non-existent tool.

B.    1.    <u>Respondent's Stated Reasons</u>

(a) Respondent has not offered any reason for discriminating against me, including, but not limited to, subjecting me to a hostile work environment, based on my national origin and/or age.

(b) Respondent has not offered any reason for retaliating against me, including, but not limited to, placing me on a performance improvement plan, based on my complaints of discrimination based on my national origin and/or age.

**EEOC Charge of Discrimination**
**Page 4 of 4**
**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

C.    1.    <u>Statutes and Basis for Allegations</u>

  I allege that Respondent has discriminated against me based on my national origin and age, and retaliated against me based on my complaints of the same, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. 621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *et seq.* ("PHRA").

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

EEOC No. _530-2016-01087_

You have the right to file this charge of discrimination with the Pennsylvania Human Relations   Commission (PHRC) under the Pennsylvania Human Relations Act.  Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws   and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be   dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept   EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court.  PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

_X_  I want my charge filed with PHRC.  I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint.  I request EEOC to transmit it to  PHRC.

_X_   *I understand that false statements in this complaint are made subject to the penalties of*
18   *Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X        ~~*signature*~~  11/25/15

Signature and Date (Stephen Middlebrooks)

# EXHIBIT "2"

| **SECOND CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | **AGENCY**<br>Q   FEPA<br>**X   EEOC** | **CHARGE NUMBER**<br>530·2016·02225 |
|---|---|---|---|
| **STATE OR LOCAL AGENCY:  PHRC** | | | |

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Stephen Middlebrooks** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>**West Chester, PA 19380** | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Teva Pharmaceuticals USA, Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>**> 100** | TELEPHONE (Include Area Code)<br><br>**215-591-3000** |
|---|---|---|

| STREET ADDRESS<br>**1090 Horsham Road** | CITY, STATE AND ZIP<br>**North Wales, PA 19454** | COUNTY<br>**Montgomery** |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>0 Race   0 Color   0 Sex   0 Religion   **XX** National Origin<br>**XX Retaliation     XX Age**   0 Disability   Ω Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*                     *Latest*<br>**February 29, 2016** |
|---|---|

## The Particulars Are:

A.    1.    <u>Relevant Work History</u>

      On or about April 30, 2001, Respondent hired me as Director, United States Facilities Engineering Group. During my tenure with Respondent, I was promoted twice. At the time of my termination, I was the Senior Director of North American Facilities Management ("NA FM"). My responsibilities included managing a team of seventy-three (73) employees, who self-perform and manage third- party contractors to supply maintenance, engineering, security and operational services to Respondent's fifty (50) active sites in the United States and Canada. From in or around January 2014 through my termination on February 29, 2016, I reported to Nir Aharoni (Israeli, 45 years old\*), Global Senior Director of Facilities.

      Throughout my more than fourteen (14) years of employment with Respondent, I was a loyal dedicated, hardworking employee. Prior to my reporting to Mr. Aharoni, Respondent had never placed me on a performance improvement plan or subjected me to any progressive discipline. Respondent terminated my employment on February 29, 2016.

      On November 27, 2015, I filed a Charge of Discrimination with the EEOC regarding the discriminatory and retaliatory conduct in which I was being subjected by Respondent. Respondent was served with a copy of that Charge the same day.

| _X_ I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>SIGNATURE OF COMPLAINANT     *[signature]*<br><br>Date: 3/19/16          Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

❖   *All ages are approximate as of the date of this Charge.*

**SECOND EEOC Charge of Discrimination**
**Page 2 of 5**
**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

2. Harm Summary

Respondent has discriminated against me because of my national origin (American) and age (58 years old), including subjecting me to a hostile work environment, and retaliated against me, including terminating my employment, because of my complaints of discrimination. Evidence of Respondent's discriminatory and retaliatory conduct includes, but is not limited to, the following:

(a) In or around October 2014, Mr. Aharoni informed me that my group's, Respondent's NA FM group's cost-savings requirements would be increased, despite my group having the best performance out of all Facilities Engineering groups reporting to Mr. Aharoni. Upon information and belief, Mr. Aharoni did not place additional cost savings requirements on the four (4) non-American Facilities Management groups, despite their poor performance.

(b) In or around January 2015, Respondent, specifically Mr. Aharoni's Israeli team members, asked me for the ages and sexes of my direct reports. When I asked why they needed this information, Mr. Aharoni's team members informed me that it was because they make employment decisions based upon an individual's age. I forwarded this request to Respondent's Human Resources Department.

(c) In or around January 2015, I received my annual review from Mr. Aharoni. Despite meeting my original 2014 performance and cost-savings goals, I received a "2" performance rating. Upon information and belief, non-American Senior Directors of Facilities Management, who had failed to meet 2014 performance and cost-savings goals, received higher performance ratings.

(d) In or around March 2015, I did not receive my 2014 equity compensation, despite my eligibility for it as a Senior Director. Upon information and belief, I was one (1) of two (2) American Directors in the NA FM group, who did not receive equity compensation for the 2014 year, the other being Ray Duggan (American, 57 years old), Director of Physical Security for North America. Upon information and belief, Troy Gaugler (American, 45 years old) received 2014 equity compensation, as did non-American Facilities Management Directors.

(e) Upon information and belief, Mr. Aharoni told Mr. Duggan that he and I did not receive our 2014 equity compensation because equity compensation was an incentive for "longer term" employees who would "be around for a while."

(f) In or around July 2015, Shimrit Shemtov (Israeli, 40 years old) and Roni Kafre (Israeli, 60 years old) met with my direct reports and I in the United States. During the meeting, Ms. Shemtov and Mr. Kafre berated and disrespected my direct reports and me, including, but not limited to, placing their hands in front of my and my direct reports' faces to stop us from talking and slamming our laptops closed.

**SECOND EEOC Charge of Discrimination**
**Page 3 of 5**
**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

(g) On or about August 17, 2015, my direct reports and I complained to Respondent's Human Resources representative, Minnie Rodriguez, that we believed we were being discriminated against, including being subjected to a hostile work environment, based on our national origin.

(h) Upon information and belief, on or about October 12, 2015, Mr. Aharoni received a report of Respondent's investigation into my and my direct reports' complaints of a hostile work environment, based on our national origin.

(i) On or about October 29, 2015, Mr. Aharoni placed me on a performance improvement plan (PIP), despite that I had met or exceeded all seven (7) of my major performance goals for 2015. At this time, Mr. Aharoni stated that if I did not meet the fourteen (14) objectives outlined in the PIP over the next ninety (90) days, I would be terminated by Respondent.

(j) On or about November 12, 2015, I complained to Respondent that I believed I was being discriminated against because of my age and national origin, and retaliated against, including, but not limited to, being placed on the PIP, because of my complaints of discrimination.

(k) On or about November 19, 2015, I met with Mr. Aharoni for my bi-weekly PIP review meeting.

    i.    During this meeting, I informed Mr. Aharoni that I had met the objective of providing an additional $700,000 in savings by the end of 2015, as I had established $829,000 in additional savings;

    ii.    Mr. Aharoni told me that, despite achieving well over $700,000 in additional savings, I had not met the objective, as I had not reported it in a system that was no longer in existence;

    iii.    Upon information and belief, Mr. Aharoni did not require non-American Facilities Directors to meet an additional $700,000 in savings and/or report such savings through a non-existent tool.

(l) From on or about December 1, 2015 through on or about February 22, 2016, Mr. Aharoni failed to provide any feedback regarding my PIP and refused to meet with me to discuss my PIP.

**SECOND EEOC Charge of Discrimination**
**Page 4 of 5**
**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

(m) On or about January 4, 2016, I complained to Jennifer Flaisher, Respondent's Head of Human Resources - United States, that I was being subjected to a hostile work environment because of my national origin and age, and retaliated against for my prior complaints of discrimination.

(n) On or about January 15, 2016, Mr. Aharoni informed me that my PIP would be extended through the end of February 2016, despite my completing the majority of tasks assigned outlined in the PIP.

(o) On or about February 1, 2015, I learned that Mr. Aharoni's other direct reports received promotions.

    i.    Upon information and belief, at no time prior to these promotions did Respondent post the available positions.

    ii.    At no time prior to learning of these promotions was I given the opportunity to apply or otherwise be considered for these positions.

    iii.    Upon information and belief, those promoted were Israeli/non-American and/or substantially younger than me and significantly less experienced than me.

(p) On or about February 22, 2016, Mr. Aharoni provided me with a written report regarding my PIP, falsely alleging that I had failed to complete a majority of the tasks outlined in the PIP.

(q) On or about February 29, 2016, Respondent informed me that it was terminating my employment. At my termination meeting, Mr. Aharoni stated the he had "decided this is your [my] last day of work", and that the reason for my termination was "performance".

(r) Upon information and belief, Respondent failed to investigate my complaints and/or discipline or otherwise take action against Mr. Aharoni.

B.    1.    <u>Respondent's Stated Reasons</u>

    (a)    Respondent has not offered any reason for discriminating against me, including, but not limited to, subjecting me to a hostile work environment and failing to promote me, based on my national origin and/or age.

    (b)    Respondent has not offered any reason for retaliating against me, including, but not limited to, placing me on a performance improvement plan and terminating me, based on my complaints of national origin and age discrimination.

**SECOND EEOC Charge of Discrimination**
**Page 5 of 5**
**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

(c)     Respondent has not offered a legitimate, non-discriminatory reason for terminating my employment.

(d)     Respondent's stated reason for my termination, that it was based on my performance, is pretextual for national origin and age discrimination.

C.     1.     <u>Statutes and Basis for Allegations</u>

I allege that Respondent has discriminated against me based on my national origin and age, and retaliated against me based on my complaints of the same, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. 621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *et seq.* ("PHRA").

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Stephen Middlebrooks v. Teva Pharmaceuticals USA, Inc.**

EEOC No. _530-2016-02225_

    You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

    Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

    If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

    Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

    If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

 X  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

 X    *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

           X               _3/19/16_
                      Signature and Date (Stephen Middlebrooks)

# EXHIBIT "3"

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Stephen Middlebrooks** | From: | **Philadelphia District Office** |
|---|---|---|---|
| | ▪▪▪▪▪▪▪▪▪▪ | | **801 Market Street** |
| | **West Chester, PA 19380** | | **Suite 1300** |
| | | | **Philadelphia, PA 19107** |

| | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Legal Unit,** | |
| **530-2016-01087** | **Legal Technician** | **(215) 440-2828** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

**X**  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_signature_

**Spencer H. Lewis, Jr.,**
**District Director**

11/1/16
*(Date Mailed)*

Enclosures(s)

cc:
   **TEVA PHARMACEUTICALS USA**
   **Stephen G. Console, Esq. (for Charging Party)**
   **Larry J. Rappaport, Esq. (for Respondent)**

# EXHIBIT "4"

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Stephen Middlebrooks** | From: | **Philadelphia District Office** |
|---|---|---|---|
| | | | **801 Market Street** |
| | **West Chester, PA 19380** | | **Suite 1300** |
| | | | **Philadelphia, PA 19107** |

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Legal Unit,** | |
| **530-2016-02225** | **Legal Technician** | **(215) 440-2828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          11/1/16
**Spencer H. Lewis, Jr.,**                          (Date Mailed)
**District Director**

Enclosures(s)

cc:   **TEVA PHARMACEUTICALS USA, INC.**

**Stephen G. Console, Esq. (for Charging Party)**

**Larry J. Rappoport, Esq. (for Respondent)**