IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MIDDLEBROOKS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 17-00412 |
| | : | |
| TEVA PHARMACEUTICALS | : | |
| USA, INC. and TEVA | : | |
| PHARMACEUTICAL INDUSTRIES | : | |
| LTD., | : | |
| Defendants. | : | |

# **M E M O R A N D U M**

**STENGEL, C.J.**                                                                                                 **February 1, 2018**

This case involves the alleged discriminatory and retaliatory conduct by plaintiff's former employers, Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Limited ("Teva Isreal"). (Sec. Am. Compl. ¶ I.) Plaintiff alleges defendants' conduct violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq. ("Title VII") and the Pennsylvania Human Rights Relations Act, as amended 43 P.S. § 951, et seq. ("PHRA"). (Id.) Defendant, Teva Israel, moves to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the failure to exhaust administrative remedies and pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 12.) Plaintiff opposed the motion. (Doc. No. 15.)

## I. Background.[1]

On April 30, 2001, plaintiff was hired by defendants as the Director of Facilities Engineering.[2] Plaintiff was promoted in 2013 to the position of Senior Director of North American Facilities Management.[3] This role included the oversight of seventy employees.[4] Plaintiff worked out of defendants' North Wales, PA location.[5]

On or about January 2014, plaintiff began reporting to Nir Aharoni, Global Senior Director of Facilities Management.[6] Mr. Aharoni, who is not named as a defendant in this action, was based out of defendants' global headquarters in Israel.[7] On February 29, 2016 plaintiff was terminated.[8] The stated reason was his performance.[9] Plaintiff alleges that Mr. Aharoni and his team discriminated against him based on age and national origin.[10]

## II. Procedural History

Plaintiff filed a Charge of Discrimination with the EEOC on November 25, 2015 regarding the alleged discriminatory and retaliatory conduct.[11] Also on November 25, 2015, plaintiff sent a copy of the Charge to defendants, including Mr. Aharoni.[12] On March 23, 2016, plaintiff filed a second Charge of Discrimination alleging discrimination

---

[1] The Factual allegations in this section are taken from the second amended complaint, unless otherwise noted. (See Sec. Am. Compl.)
[2] Id. at ¶ 27.
[3] Id.
[4] Id. at ¶28.
[5] Id. at ¶29.
[6] Id. at ¶30.
[7] Id.
[8] Id. at ¶59.
[9] Id.
[10] Id. at ¶¶36-67.
[11] Id. at ¶53 (citing Ex. 1).
[12] Id. at ¶ 53.

and retaliation.[13] Both Charges named only Teva USA, and made no express mention of Teva Israel.[14] The body of the charge included allegations against Mr. Aharoni.[15]

On January 30, 2017, plaintiff filed an initial complaint alleging that Teva USA and Teva Israel discriminated against him based on age and national origin.[16] On March 31, 2017, defendants filed an Answer.[17] Also on March 31, 217, defendant Teva Israel filed a motion to dismiss.[18] Plaintiff filed an amended complaint[19] and on April 21, 2017 I issued an Order rendering defendant's motion to dismiss moot.[20] On April 25, 2017, with the consent of defendants, plaintiff filed a second amended complaint.[21] On May 9, 2017, defendant filed the instant motion to dismiss[22] and accompanying memorandum of law.[23]

### III. Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To sustain this challenge, the factual allegations in the complaint must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Conclusory allegations are

---

[13] Id. at
[14] Id. at Ex. 1, 2.
[15] Id.
[16] Doc. No. 1.
[17] Doc. No. 6.
[18] Doc. No. 4.
[19] Doc. No. 8.
[20] Doc. No. 9.
[21] Doc. No. 10.
[22] Doc. No. 12.
[23] Doc. No. 13.

insufficient to support a facially plausible claim; the facts asserted must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 555; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

When presented with a motion to dismiss for failure to state a claim, district courts conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. Iqbal, 556 U.S. at 679. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679; see also Phillips, 515 F.3d at 232-34 (holding that: (1) factual allegations of a complaint must provide notice to the defendant; (2) the complaint must allege facts indicative of the proscribed conduct; and (3) the complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting Twombly, 550 U.S. at 555) (alterations in original)).

4

Under Federal Rule of Civil Procedure 8(a)(2), a pleading need not contain detailed factual allegations, but must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Twombly, 550 U.S. at 545. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

IV. **Discussion**

   A. **Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies.**

Plaintiff's second amended complaint alleges that the discriminatory and retaliatory conduct of Teva USA and Teva Israel violated the ADEA, Title VII, and the PHRA. Teva Israel argues that it is entitled to relief under Rule 12(b)(6) because plaintiff failed to exhaust administrative remedies. (Doc. No. 13 at 5-10.)

A plaintiff must exhaust all administrative remedies before bringing a claim for judicial relief alleging violations of Title VII, the ADEA, and the PHRA. A plaintiff exhausts his administrative remedies by timely filing a discrimination charge with the EEOC and obtaining a notice of the right to sue in federal court. Fordham v. Agusta Westland N.V., No. 06-3915, 2007 WL 136329, at *3 (E.D.Pa. Jan. 11, 2007); Turk v. Salisbury Behavioral Health, Inc., No. 09-6181, 2010 WL 1718268 (E.D.Pa. Apr. 27, 2010); O'Donnell v. Michael's Family Restaurant, Inc., No. 07-5396, 2008 WL 2655565, at *2 (E.D.Pa. Jul. 1, 2008). This exhaustion requirement (1) ensures "than an employer is made aware of the complaint lodged against him and is given the opportunity to take

5

remedial action" and (2) provides "the EEOC the opportunity to fulfill its statutory duties of eliminating unlawful practices through the administrative process." O'Donnell, 2008 WL 2655565, at * 2 (citing Jackson v. J. Lequis Crozer Library, 2007 WL 2407102, at *5 (E.D.Pa. Aug. 22, 2007) (citing Bihler v. Slinger Co., 710 F.2d 96, 99 (3d Cir. 1983)).

In general, a civil action may only be brought against respondents named in the EEOC complaint.[24] Turk, 2010 WL 1718268, at *2. The Third Circuit recognizes an exception to this requirement when the unnamed party "received notice and when there is a shared commonality of interest with a named party." Pina v. Henkel Corp., No. 07-4048, 2008 WL 819901, at *6 (E.D.Pa. Mar. 26, 2008) (citing Schafer v. Board of Public Educ. of the School Dist. of Pittsburgh Pa., 903 F.2d 243, 251-52 (3d Cir. 1990). In Glus v. G.C. Murphey Co., the third Circuit established a four-factor test to determine whether an unnamed party in an EEOC complaint may be sued in a civil action:

> 1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented

---

[24] Several courts in this district have permitted a plaintiff to bring a suit against a defendant who was not named in the caption, but who was named in the "body of the administrative charge." Najmola v. Women's Healthcare Group of Pa, No. 13-6519, 2014 WL 3700260, at *2 (E.D.Pa. Jul. 24, 2014); see also McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp. 2d 393, 398-99 (E.D.Pa. 2002) ("A plaintiff's claims are preserved as long as she names the defendants in the body of the EEOC administrative complaint because it provides the defendants with the requisite notice that their conduct is under formal review. It is not necessary that the defendants be named in the caption as a respondent.") Here, Teva Israel was neither named as a respondent in the caption nor mentioned in the body of the charge. This action can only proceed against Teva Israel if the commonality of interest exception to the exhaustion requirement, discussed herein, is met.

> to the complainant that its relationship with the complainant is to be through the named party.

629 F.2d 248, 251 (3d Cir. 1980) (overruled on other grounds). The court noted that this is not a mechanical test and "no single factor is decisive." Id.

It is undisputed that Teva Israel was not named in the EEOC claim either as a respondent or in the body of the charge. (See Doc. No. 13; see also Doc. No. 15.) Plaintiff's claim against Teva Israel is therefore unexhausted and must be dismissed unless the commonality of interest exception excuses the exhaustion requirement. Before I apply the four-factor test set forth by the Glus court I must address whether, as defendant argues, this exception has been further limited to instances where the plaintiff was unrepresented by counsel at the time he filed his EEOC complaint. (Doc. No. 13 (citing Fordham, 2007 136329, at *3) (also citing Cronin v. Martindale Andres & Co., 159 F. Supp. 2d 1, 9 (E.D.Pa. 2001))). Although some courts in this district have followed this line of reasoning, the Third Circuit has not expressly held that this is a threshold requirement to the commonality of interest exception. The court in Patton v. SEPTA squarely addressed this issue:

> . . . [A] few courts in this district have found this exception applicable only where the plaintiff was unrepresented by counsel at the time of filing the administrative charge. This threshold requirement appears to derive from district court cases in the Second Circuit. The Third Circuit has never mentioned, let alone endorsed, this threshold requirement that the plaintiff be unrepresented when the administrative complaint was filed. Moreover, it is unrelated to the Third Circuit's stated purposes for requiring an aggrieved party to file first a complaint with the appropriate state or federal agency before filing suit: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation. Lastly, recognizing such a requirement would be adverse to plaintiffs in a manner that does not comport with the Third Circuit's mandate that the

7

> jurisdictional requirements for bringing suit under Title VII should be liberally construed.

No. 06-707, 2007 WL 219938, at n. 3 (E.D.Pa. Jan. 26, 2007) (internal citations and quotations omitted); see also O'Donnell v. Michael's Family Restaurant, Inc., No. 07-5396, 2008 WL 2655565, at *3 (E.D.Pa. Jul. 1, 2008) (declining to apply the threshold requirement); Turk, 2010 WL 1718268 at *3 ("Although the Glus court notes that the exception helps those unrepresented by counsel avoid a technical stumbling block, the Third Circuit did not limit the identity of interest exception to pro se litigants."). I find that a claim may be brought against a party unnamed in the EEOC complaint so long as the Glus factors are satisfied, and regardless of whether the plaintiff was represented by counsel at the administrative filing.

Next, I will apply the Glus factors to determine whether the commonality of interest exception is applicable. With respect to the first factor, the role of the Teva Israel could have been ascertained at the time of the filing of the EEOC complaint through reasonable effort by the plaintiff. Plaintiff was employed by Teva USA for fourteen years in various supervisory positions. In January of 2014, plaintiff began reporting to Mr. Aharoni, the Global Senior Director of Facilities Management, who was based in Teva Israel. Plaintiff named Mr. Aharoni in the body of the discriminatory charge, and alleged various claims of discrimination against Mr. Aharoni and his Israeli team members. What is more, plaintiff did not navigate the complicated EEOC process as a pro se complainant, but rather he was represented by the same counsel herein. For these reasons, I find that the first factor weighs in favor of the defendant's position, and plaintiff could have

reasonably ascertained the role played by Teva Israel when he filed the administrative complaint.

The next factor asks whether the interests of the named party are so similar to the unnamed party that for purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings. Defendant argues that Teva USA and Teva Israel have separate and distinct corporate structures including separate corporate forms and separate accounts of corporate assets and liabilities. (Doc. No. 13 at 9.) Teva Israel does not control the operations of Teva USA and they do not maintain a centralized control of labor relations. (Id.) I disagree.

Despite defendant's attempt to portray these two companies as separate and distinct, they have undeniably similar interests for purposes of voluntary conciliation and compliance. Teva USA is "100% owned" by Teva Israel, and Teva USA is listed as one of Teva Israel's "principal facilities and properties." (Sec. Am. Compl. at ¶ 8.) Notwithstanding the shared ownership, the fact that plaintiff an employee of Teva USA, was supervised by Mr. Aharoni, an employee of Teva Israel, establishes an element of control over business operations that defeats any argument that the two entities are separate and distinct. What is more, plaintiff's discriminatory complaints were investigated by Human Resources, which includes an assessment of "the working relationships between the Global Facilities Management team in the United States and the "Leadership Team in Israel." (Sec. Am. Compl. at ¶ 48.) Defendant simply cannot support an argument that the interests of Teva Israel are so dissimilar from Teva USA that conciliation and compliance were unobtainable absent naming Teva Israel in the

9

EEOC complaint.

The third factor asks whether Teva Israel's absence from the EEOC proceedings resulted in actual prejudice. Teva Israel sets forth only conclusory allegations that it was prejudiced. Absent an allegation of actual prejudice, this factor militates against defendant. In addition, the EEOC proceedings resolved in Teva USA's favor, and there were no cause findings. I find that Teva Israel did not suffer actual prejudice from its absence in the EEOC proceedings.

Finally, the fourth factor asks whether Teva Israel has in some way represented to plaintiff that its relationship with the plaintiff was through Teva USA. Plaintiff was employed by Teva USA for fourteen years and only began reporting to Mr. Aharoni in January of 2014. Although there is no evidence that Teva Israel expressly represented that plaintiff's relationship was through Teva USA, it is reasonable for plaintiff to conclude that his relationship was with his direct employer, Teva USA.

I also find that Teva Israel had sufficient notice of the EEOC complaint. The discriminatory charge included repeated references to the alleged discriminatory acts of Mr. Aharoni and other Israeli team members, all of whom were based in the Teva Israel global headquarters. (See Sec. Am. Compl. at Ex. 1, 2.) Plaintiff provided a copy of the EEOC complaint to these employees, including Mr. Aharoni. Teva Israel cannot claim a lack of notice where one of its senior management employees was on notice of this claim.

Based on the foregoing, I find that the Glus factors weigh in favor of plaintiff's position that Teva Israel shared a commonality of interest with Teva USA, which excuses the exhaustion requirement. Teva Israel's motion to dismiss for failure to state a claim
10

under Rule 12(b)(6) is denied.

### B. Defendant's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

In the alternative, Teva Israel moves to dismiss the second amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Defendant argues that this court lacks subject matter jurisdiction because Teva Israel does not meet the definition of "employer" under the ADEA, Title VII, or the PHRA.[25] The plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d. Cir. 1991).

The ADEA makes it unlawful for an employer to discriminate based on an individual's age. As enacted, the statute did not include a provision for extraterritorial reach. Congress amended the ADEA in 1984 to include a limited exception for extraterritorial application. Denty v. SmithKline Beecham Corp., 109 F.3d 147, 149 (3d Cir. 1997). As amended, the statute states:

> (1) If an employer controls a corporation whose place of incorporation is in a foreign country, any practice by such corporation prohibited under this section shall be presumed to be such practice by such employer.
> (2) The prohibitions of this section shall not apply where the employer is a foreign person not controlled by an American employer.
> (3) For purposes of this subsection the determination of whether an employer controls a corporation shall be based up the—
>     a. interrelation of operations,
>     b. common management,
>     c. centralized control of labor relations, and

---

[25] The definition of "employer" under the ADEA and Title VII are virtually identical, and courts will look to case law under both statutes to define the term. See Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 157 (3d Cir 1995). The PHRA is also interpreted in accordance with these statutes. See 43 Pa. Stat. Ann. § 954 (b) (defining "employer" as "any person employing four or more persons within the Commonwealth.").

>   d. common ownership or financial control, of the employer and the corporation.

Id. at 150 (citing 29 U.S.C. § 623(h)) (footnotes omitted). The underlying legislative intent was to "insure that citizens of the United States who are employed in a foreign workplace by U.S. corporations or their subsidiaries enjoy the protections of the [ADEA]." Id. (brackets in original). The amendment does not apply to foreign companies that are not controlled by Unites States employers. Id; see also EEOC Policy Guidance N.915.039, Empl. Prac. Guide (CCH) 5183, 6531 (Mar. 3, 1989) ("the ADEA does not apply to foreign firms operating outside the United States, unless those firms are controlled by U.S. employers.").

Here, Teva Israel is a foreign corporation with its global headquarters located in Israel. Teva Israel is not controlled by U.S. employers. In fact, plaintiff's argument for the application of the commonality of interest exception, discussed supra, necessarily relies on the fact that Mr. Aharoni, and by extension Teva Israel, exercised control over plaintiff. Plaintiff cannot now argue that Teva Israel was in fact controlled by Teva USA. Therefore, this court lacks subject matter jurisdiction unless plaintiff can demonstrate that the single or joint employer exception is applicable.

   *1. The Single Employer Exception is Inapplicable.*

In general, "when a subsidiary hires employees, there is a strong presumption that the subsidiary, not the parent company is the employer." Chalfont v. U.S. Electrodes, No. 10-2929, 2010 WL 5341846, at *4 (E.D.Pa. Dec. 28, 2010) (citing Marzano v. Computer Science Corp., Inc., 91 F.3d 497, 513 (3d Cir. 1996)). And yet, a parent company and the

subsidiary can be considered a "single employer" "if the affairs of the parent and subsidiary are so operationally or financially entangled that, as an equitable matter, we must consider them substantively consolidated and collectively responsible for the discriminatory conduct."[26] Id. This equitable remedy is "difficult to achieve." Nesbitt v. Gears Unlimited, Inc., 347 F.3d 72, 86 (3d Cir. 2003).

The Third Circuit considers the following factors to determine whether two companies are substantively consolidated and should, therefore, be considered a "single employer":

> (1) The degree of unity between the entities with respect to ownership (both directors and officers), and business functions (e.g., hiring and personnel matters), (2) whether they present themselves as a single company such that third parties dealt with them as one unit, (3) whether a parent company covers the salaries, expenses, or losses of its subsidiary, and (4) whether one entity does business exclusively with the other.

Id. at 87. Plaintiff argues that Teva USA and Teva Israel are a "single employer" because both companies have shared email addresses, and because Teva USA's Human Resources department counseled Mr. Aharoni regarding plaintiff's complaints. (Doc. No. 15 at 13.) This simply does not amount to the level of operational entanglement contemplated by the Third Circuit. See Chalfont, 2010 WL 5341846 at *5 (holding that the parent and subsidiary companies were not "so operationally or financially entangled that employees of one company are treated interchangeably with those of [the other].") (brackets in original) (internal quotations omitted). Teva USA and Teva Israel maintain separate corporate forms, hold separate board meetings, keep separate books and records, and

---

[26] The single employer theory is also established, although inapplicable here, where the parent company directs the subsidiary's discriminatory act. Id.

have separate headquarters. These facts demonstrate the traditional parent-subsidiary relationship, and fail to establish the single employer relationship. See id.

   2. *Plaintiff has sufficiently pled subject matter jurisdiction under the joint employer theory.*

Plaintiff also argues that this court has subject matter jurisdiction because Teva Israel and Teva USA exercise significant control over the same employees such that they qualify as a "joint employer." Courts look to the following factors to determine whether there is a joint employer relationship:

> (1) Authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (2) day-to-day supervision of employees, including employee discipline; and (3) control of employee records, including payroll, insurance, taxes, and the like.

Chalfont, 2010 WL 5341846 at *6 (citing Myers v. Garfield & Johnson Enters., 679 F. Supp. 2d 598, 607 (E.D.Pa. 2010)) (quoting Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 494 (W.D.Pa. 2007)).

It can be inferred from the facts alleged that Teva Israel and Teva USA exercised significant control over the same employees. Mr. Aharoni, an employee of Teva Israel, directly supervised and disciplined plaintiff. For instance, as plaintiff's supervisor, Mr. Aharoni conducted plaintiff's mid-year review and extended his Performance Improvement Plan ("PIP"). (Id. at ¶¶ 44, 56.) Mr. Aharoni also maintained the authority to fire plaintiff, which he exercised in February of 2016. Specifically, Mr. Aharoni informed plaintiff that he was being demoted to the position of Operations Manager of North American Facilities Management. (Id. at ¶ 58.) Then, on February 29, 2016,

plaintiff was terminated and Mr. Aharoni's stated reason was his performance. (Id. at ¶ 59.)

Although Teva Israel did not pay plaintiff's salary, "no single aspect of the employer/employee relationship is determinative and courts in the Third Circuit have recognized a joint employment relationship even when one employer did not pay the plaintiff's salary." Myers, 679 F. Supp. 2d at 610. The Court in Myers explained, "[t]he joint employer doctrine by definition acknowledges that an individual may be employed by two separate entities that have apportioned the various duties of employer between themselves as they saw fit." Id.

At this juncture, I find that plaintiff has sufficiently pled a claim for relief under the theory of joint employer liability. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997) ("[the] issue [on a motion to dismiss] is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). I find that this court has subject matter jurisdiction, and defendant's motion to dismiss is denied.

### V.     Conclusion

Based on the foregoing, defendant's motion to dismiss is denied in its entirety.

An appropriate order follows.