IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN MIDDLEBROOKS** | : CIVIL ACTION |
| v. | : NO. 17-412 |
| **TEVA PHARMACEUTICALS USA, INC.**, *et al.* | : |

## ORDER

**AND NOW**, this 16th day of November 2018, upon considering Defendant's Rule 50 Motion for judgment as a matter of law on Plaintiff's hostile work environment claims (ECF Doc. No. 121), and following oral argument, it is **ORDERED** Defendant's Motion (ECF Doc. No. 121) is **granted in part** and **denied in part**:

1. **DENIED** as to Plaintiff's retaliatory hostile work environment claim[1]; and,

2. **GRANTED** as to Plaintiff's age and national origin hostile work environment claims.[2]

KEARNEY, J.

---

[1] A Rule 50 motion "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). Mr. Middlebrooks adduced evidence of severe or pervasive conduct a reasonable person in his position would find hostile or abusive sufficient for the jury to reasonably find liability on the question of a retaliatory hostile work environment after his complaints of national origin and age discrimination. The evidence includes, but is not limited to, several material changes in the terms and conditions of Mr. Middlebrooks's employment after his complaints resulting in an investigation, failure to respond to inquiries seeking input on his progress, a performance improvement plan, and termination of employment contrary to Teva's internal guidelines as fully described by Mr. Middlebrooks and other employees. Teva argues it had concerns about Mr. Middlebrooks's performance before and after the complaints. There is also evidence changes to his terms and conditions of employment largely directed by Nir Aharoni

without direction from Teva's human resources professionals including outside counsel shortly before termination, occurred after the complaints about Mr. Aharoni's and Teva's specific statements relating to Mr. Middlebrooks's national origin.

[2] Mr. Middlebrooks did not adduce sufficient evidence of a severe or pervasive hostile work environment based on age or national origin from which a jury reasonably could find liability. He adduced evidence Teva denied him equity allegedly based on his age but no other effect upon him before he complained, and the hostile work environment became retaliatory. As such, there is no evidence of age-based hostile work environment affecting Mr. Middlebrooks after his complaint. He also did not adduce sufficient evidence of a hostile work environment based on his national origin affecting the terms and conditions of his employment. The challenged conduct, except the denial of equity in January 2015, all occurred after the complaints. There is insufficient evidence from which a reasonable jury could find Mr. Middlebrooks suffered a tangible adverse employment action as a result of a hostile work environment based on age or national origin. The evidence instead shows a retaliatory hostile work environment arising from complaints about age and national origin significantly changing his employment. We cannot allow the jury to confuse the alleged age and national origin discriminatory conduct leading to the complaints – but without a change in employment terms – with the change in several employment terms allegedly retaliatory for making the complaints.