IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MIDDLEBROOKS, | : | |
| | : | |
| Plaintiff, | : | Case No.: 17-00412 |
| | : | |
| v. | : | |
| | : | |
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., | : : : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59(a)**

Pursuant to Federal Rule of Civil Procedure 59(a), Defendant, Teva Pharmaceuticals USA, Inc. [1] ("Teva") respectfully requests that the Court grant a new trial pursuant to Fed. R. Civ. P. 59(a) [2] or, alternatively, decline to enter judgment on the verdict.[3] In support thereof, Teva relies upon the arguments and authorities set forth in accompanying Brief, which are, in part, briefly summarized below:

**I. It was reversible error for the Court to instruct on both "pretext" and "mixed motives.**

The Court should not have provided dual mixed-motives and pretext charges with respect to Middlebrooks' claim of national origin discrimination. The Third Circuit has held that providing both charges simultaneously is manifestly confusing and is grounds for reversal. The erroneous dual instructions in this case were prejudicial because, among other things, they

---

[1] Defendant Teva Pharmaceutical Industries, Ltd. was dismissed from this matter pursuant to the Court's November 16, 2018 Order (Docket No. 132).

[2] Teva is simultaneously filing a motion for relief pursuant to Fed. R. Civ. P. 50(b).

[3] Fed. R. Civ. P. 59(e) permits a party to move to alter or amend a judgment within 28 days after the entry of judgment. Because the Court has not entered judgment, Teva has not moved for relief pursuant to that rule. Teva files this Motion in accordance with the Court's Scheduling Order requiring the parties to file post-trial motions by December 17, 2018. (Docket No. 138) Teva does so without prejudice to its right to file a motion pursuant to Rule 59(e) subsequent to the entry of judgment, should the Court decline to grant the instant Motion.

1

appear to have caused the jury to award damages for intentional discrimination despite its finding that Teva did not intentionally discriminate against Middlebrooks.

**II.     It was reversible error for the Court to instruct the jury that it may award punitive damages, which error was made worse by the Court's refusal to include a question on the verdict sheet regarding Teva's good faith efforts to comply with Title VII.**

The Court should not have instructed the jury that it may award punitive damages because, as the Court recognized during the Charge Conference, there was ample evidence that Teva made good faith efforts to comply with Title VII, including, but not limited to, its promulgation and enforcement of policies against harassment and discrimination and for reporting complaints of harassment and discrimination. Based upon the Supreme Court's decision in *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 119 S.Ct. 2118 (1999), as a matter of law, the jury should have been barred from awarding punitive damages.

The erroneous instruction was then compounded by the Court's refusal to include a question on the verdict sheet enabling the jury to apply the *Kolstad* defense to the facts of this case, thus preventing the Court, the parties, and a reviewing court from determining whether the jury imputed the conduct of Nir Aharoni, an employee of Teva Pharmaceutical Industries, Ltd., to Middlebrooks' employer and the defendant in this case, Teva.

**III.    The jury improperly awarded damages for intentional discrimination, despite its conclusion that Teva did not intentionally discriminate.**

Despite concluding on the verdict sheet that Teva did not intentionally discriminate against Middlebrooks based upon his national origin or age, the jury inexplicably awarded Middlebrooks damages for "intentional discrimination." This irreconcilable inconsistency may only be remedied by a new trial.

2

**IV.** **The verdict sheet was confusing in that it asked the jury to use two different start dates for the same calculation, and the jury's calculation based upon those questions is not based upon any evidence of record.**

The verdict sheet, for no apparent reason, gave two different starting points for the jury's back pay calculation, causing the jury to provide two inconsistent back pay calculations. One of those calculations has no apparent basis in the evidence and improperly includes equity – an element of damages in connection with Middlebrooks' age discrimination claim, on which the jury found no liability.

**V.** **It was reversible error to instruct the jury that it may award damages for emotional distress, and the jury's emotional distress award is not based on the evidence of record.**

Middlebrooks provided no evidence of compensable emotional distress damages. Based upon this, it was error for the Court to instruct the jury that it may award Middlebrooks damages for emotional distress. The jury erroneously awarded an amount for emotional distress that is not based on the evidence (since no evidence was provided).

**VI.** **The jury's award of front pay appears to be based on its consideration of impermissible factors, rather than any evidence before it.**

Middlebrooks offered insufficient evidence from which a jury could calculate a non-speculative front pay award, and the jury's award is not based upon any discernible evidence of front pay in the record.

**VII.** **To the extent the Court declines to grant the preceding portions of this Motion, the Court should not enter judgment for more than $200,000.00 in punitive damages, based upon the statutory damages cap on compensatory and punitive damages for Title VII claims under 42 § 1981a(a)(2).**

The jury's punitive damages award, which is excessive on a Constitutional basis, also exceeds the amount the Court is statutorily permitted to enter judgment for under 42 § 1981a(a)(2).

Accordingly, Teva respectfully requests that the Court grant its Motion and order a new trial or, in the alternative, decline to enter judgment on the verdict.

Dated:  December 17, 2018

>Respectfully submitted,
>
>STEVENS & LEE
>
>By:  /s/ Larry J. Rappoport
>    *Larry J. Rappoport, Esquire*
>    Attorney ID No. 26922
>    1818 Market Street
>    29th Floor
>    Philadelphia, PA  19103
>    Phone: (215) 496-3839
>    Email:  ljr@stevenslee.com
>    *Jennifer A. Ermilio, Esquire*
>    Attorney ID No. 82062
>    620 Freedom Business Center, Suite 200
>    King of Prussia, PA  19406
>    Phone:  (610) 205-6044
>    Email: jae@stevenslee.com
>*Attorneys for Defendant, Teva Pharmaceuticals USA, Inc.*