IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN MIDDLEBROOKS,    ) | |
|                          ) | |
|     Plaintiff,    ) | Case No.:  2:17-cv-00412 |
|                          ) | |
| v.                       ) | |
|                          ) | |
| TEVA PHARMACEUTICALS USA, ) | |
| INC.,                    ) | |
|                          ) | |
|     Defendant    ) | |

**DEFENDANT'S MOTION FOR STAY OF EXECUTION AND
APPROVAL OF A SUPERSEDEAS BOND**

Defendant, Teva Pharmaceuticals USA, Inc. ("Teva" or "Defendant"), by its counsel Stevens & Lee, hereby moves this Court pursuant to Rule 62(b) of the Federal Rules of Civil Procedure and Rule 8(a) of the Federal Rules of Appellate Procedure for a stay of execution of civil judgment dated February 26, 2019 and for approval of a proposed supersedeas bond in the amount of $2,500,000.  In support thereof, Teva relies upon the arguments and authorities set forth in accompanying Brief, which are, in part, briefly summarized below:

Plaintiff does not contest the stay of execution of judgment.  The sole issue concerns the appropriate amount of the supersedeas bond.  Judgment was entered in favor of Plaintiff Stephen Middlebrooks ("Middlebrooks" or "Plaintiff") in the amount of $2,092,634.27, plus post-judgment interest.  Defendant has proposed a supersedeas bond in the amount of $2,500,000. "[A] supersedeas bond 'must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay.'"  *Cashman Equip. Corp. v. U.S. Fire Ins. Co.*, No. CIV.A. 06-3259, 2008 WL 5000355, at *4 (E.D. Pa. Nov. 21, 2008) (citation omitted).  This amount will more than amply cover the judgment and costs, interest, and damages for delay.  Plaintiff's

1

attorney's fees on appeal are not included as costs for purposes of the bond[1]. *See Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777 (3d Cir. June 10, 1997); *see also McDonald v. McCarthy*, 966 F.2d 112, 118 (3d Cir. 1992).

Moreover, the purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal and to protect the winning party from the possibility of loss resulting from the delay in execution of the judgment. *Cashman,* 2008 WL 5000355 at *3 (citation omitted). Therefore, it is not appropriate for the Court to consider the amount the amount potentially owed to Plaintiff if he is successful on his cross appeal, as this would alter the status quo and would be far in excess of what he would risk losing due to a delay in execution of the judgment.

Putting aside Plaintiff's agreement to a stay of execution of the judgment, Defendant has met any other requirements for a stay of execution as it has shown that when considered together on balance its likelihood of success on the merits, any irreparable injury in the absence of a stay, and the lack of substantial harm to other persons and the public, warrants a stay of execution in this case.

Finally, the form of Defendant's security is not contested and meets the requirements of Federal Rule of Civil Procedure 62(b). Defendant's insurer Zurich is in the process of obtaining a supersedeas bond which it will issue on its own paper and expects to complete this process promptly. Defendant's proposed bond in the amount of $2,500,000 will preserve the status quo and more than amply protect Plaintiff from the possibility of loss due to a delay in execution of the judgment.

Accordingly, Teva respectfully requests that the Court enter an order approving the proposed supersedeas bond and staying the execution of the judgment pending appeal.

---

[1] Even if the court was to consider Plaintiff's attorney's fees on appeal, the proposed bond which is more than $400,000 over the judgment amount would provide sufficient cushion to account for Plaintiff's attorney's fees on appeal.

Dated:  March 14, 2019

STEVENS & LEE
Respectfully submitted,

By: /s/ Larry J. Rappoport
    Larry J. Rappoport, Esquire
    Attorney ID No. 26922
    Jennifer A. Ermilio, Esquire
    Attorney ID No. 86062
    1818 Market Street
    29th Floor
    Philadelphia, PA  19103
    Phone:  (215) 496-3839
    Email:  ljr@stevenslee.com
    Email:  jae@stevenslee.com

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF PARTIAL CONCURRENCE

Pursuant to Local Rule 7.1, I, Larry J. Rappoport, certify that I spoke with counsel for Plaintiff prior to filing the instant motion in order to seek concurrence in Defendant's Motion for Stay of Execution and Approval of Supersedeas Bond. Plaintiff's counsel has no objection to staying the execution of judgment. However, the parties were not able to agree on the amount of the supersedeas bond.

Dated: March 14, 2019                                   s/Larry J. Rappoport
                                                        Larry J. Rappoport

1